UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



---

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

May 19, 2008

Trustee Dennis C. Whetzal
Post Office Box 8285
Rapid City, South Dakota  57709

    Subject:    ***In re Jesse James Dean***
                      Chapter 7, Bankr. No. 04-50091

Dear Trustee Whetzal:

      The matter before the Court is Trustee Dennis C. Whetzal's Amended Motion to Approve Settlement and Compromise on Personal Injury Claim.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's interim findings and conclusions.  As set forth below, in light of the Court's recent decisions in *Trustee John S. Lovald v. Stephen J. McGreevy, et al. (In re Stephen J. and Susan S. McGreevy)*, Adv. No. 07-4050, Bankr. No. 04-41113, slip ops. (Bankr. D.S.D. May 16, 2008), the amended motion will be approved as to the amount only.

      ***Summary of material facts***.  Debtor Jesse James Dean filed a chapter 7 petition in bankruptcy on February 26, 2004.  By an amended schedule filed June 17, 2004, Debtor identified as an asset of the bankruptcy estate a personal injury claim he held against Vernon Tiegs arising from an automobile accident on June 17, 2001.  The bankruptcy estate employed Attorney Kenneth R. Dewell to represent the estate in the action.

      On January 24, 2008, Trustee Dennis C. Whetzal filed a motion to approve a settlement Attorney Dewell had negotiated.  Therein, Trustee Whetzal proposed to settle the claim against Vernon Tiegs for $17,500.00 and pay $2,000.00 to Wellmark Blue Cross Blue Shield Insurance ("Wellmark") on its compromised subrogation claim (it originally sought $11,250.66) and a total of $544.76 to six medical service providers (they originally sought $2,651.79).  It is unknown whether the subject medical services were rendered pre- or post-petition.

      The Court asked Trustee Whetzal to file a supplement to his settlement motion setting forth his legal basis for paying the several medical care providers from the

Trustee Dennis C. Whetzal
May 19, 2008
Page 2

proposed settlement funds, ahead of other creditors.  The Court also asked Trustee Whetzal to disclose the dates the medical services were provided.  A supplement was not timely filed, and Trustee Whetzal's settlement motion was denied without prejudice.

Trustee Whetzal filed an amended settlement motion on April 2, 2008 (doc. 36).  Therein, he again proposed to settle the claim against Vernon Tiegs for $17,500.00.  However, this time he stated he would not pay Wellmark or any of the medical service providers, but would instead treat their claims as general unsecured claims based on the Court's recent decision in *In re David L. and Sharon R. Klundt*, Bankr. No. 05-42197, slip op. (Bankr. D.S.D. March 3, 2008).

***Discussion.***  The Klundt decision does not preclude the payment of subrogated claims held by insurors from personal injury settlement funds.  It only briefly mentioned the treatment of such claims under South Dakota law.  As more fully explained in the Court's two decisions in *Trustee John S. Lovald v. Stephen J. McGreevy, et al. (In re Stephen J. and Susan S. McGreevy)*, Adv. No. 07-4050, Bankr. No. 04-41113, slip ops. (Bankr. D.S.D. May 16, 2008), if an insuror has a subrogated interest in personal injury settlement funds, that portion of the settlement is excluded from property of the bankruptcy estate.

Because the McGreevy decisions, which were pending when Trustee Whetzal filed his amended settlement motion, may require a different distribution of the settlement funds in this case, Trustee Whetzal's amended settlement motion will be granted only as to the amount.  The question of how much Wellmark or the medical care providers should be paid from those funds can be answered through objections to claims or adversary proceedings.

An appropriate order will be entered.

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:     case file (docket original; serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota